UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELENA KIEJLICHES,

                               **MEMORANDUM & ORDER**

                               07-CV-2397 (NGG)

            Petitioner,

-against-

A. PEREZ, Superintendent, Bedford Hills
Correctional Facility,

            Respondent.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On June 4, 2007, Petitioner Elena Kiejliches ("Petitioner" or "Kiejliches") filed a petition for habeas corpus under 28 U.S.C. § 2254, challenging her state-court conviction for second-degree murder and tampering with physical evidence. (See Petition (Docket Entry # 1).) Kiejliches's Petition is a "mixed petition." It incorporates both exhausted and unexhausted claims. (See Memorandum & Order dated Oct. 30, 2007 ("Oct. Order") (Docket Entry # 10).) On October 30, 2007, this court stayed Kiejliches's Petition, held her exhausted claims in abeyance, and dismissed her unexhausted claims so that she could exhaust them in state court.[1] (See id.) Kiejliches moves to amend her Petition and reincorporate her now-exhausted claims.

---

[1] This court stayed Kiejliches's habeas proceedings and held her Petition in abeyance pursuant to the principles set forth in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). In Zarvela, the Court of Appeals developed a procedure to address mixed petitions in light of both the Supreme Court's holding in Rose v. Lundy, 455 U.S. 509 (1982), that a district court may not consider mixed petitions containing both exhausted unexhausted claims, and the one-year statute of limitations that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed on claims for habeas corpus, 28 U.S.C § 2244(d). Under Zarvela, a district court may elect "to dismiss only unexhausted claims and stay proceedings as to the balance of the petition," rather than dismiss a mixed petition in its entirety. 254 F.3d at 381. District court judges should "condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days." Id. "If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed (unless the time the petitioner has taken to initiate exhaustion in the state courts and to return to federal court after exhaustion has not consumed more than the portion of the one-year limitations period that remained when the habeas petition was initially filed)." Id.

1

(See Motion to Amend (Docket Entry #16).) For the reasons set forth below, Kiejliches's motion is granted.

## I. BACKGROUND

The New York Court of Appeals denied Kiejliches leave to challenge her conviction on direct appeal on June 7, 2006. See People v. Kiejliches, 7 N.Y.3d 757 (2006) (table decision). Kiejliches also served a motion, under New York CPL § 440 ("440 Motion") for post-conviction relief in New York State Supreme Court on May 21, 2007. (See 440 Motion (Docket Entry # 16).)

On June 4, 2007, Kiejliches placed her Petition for habeas corpus in the prison mailing system. (See Petition, Aff. of Service (Docket Entry # 1).) On October 30, 2007, finding that Kiejliches had filed a "mixed petition," this court stayed and held it in abeyance and dismissed her unexhausted claims so that she could exhaust available relief in state court. The stay on the exhausted portions of Kiejliches's Petition was "subject to the condition that she return to this court within thirty . . . days of the completion of the effort to exhaust . . . ." (See Oct. Order. 6.)

The New York Supreme Court denied Kiejliches's 440 Motion on September 30, 2008. (See Appellate Division Order dated Dec. 26, 2008 (Docket Entry # 16).) The New York Appellate Division for the Second Department denied her application for leave to appeal the trial court's decision on December 26, 2008. (Id.) Kiejliches sought leave to appeal the Appellate Division's decision on February 18, 2009. (See id.) The Court of Appeals denied that application on April 1, 2009, stating that the Appellate Division's order "is not appealable under New York State Criminal Procedure Law, section 450.90(1)." (See Certificate Dismissing Application (Docket Entry # 16).)

2

Within eleven days of the Appellate Division's order denying her leave to appeal the state trial court's denial of her 440 motion, Kiejliches asked this court for a thirty-day extension to amend her Petition. (See Letter dated Jan. 6, 2009 (Docket Entry # 14).) The court granted the extension and stayed habeas proceedings until February 27, 2009. (See Order (Docket Entry #15).) Kiejliches placed her motion to amend her Petition in the prison mailing system on April 13, 2009, forty-five days after the court's extended stay expired. (See Notice of Motion (Docket Entry # 16).)

## II. DISCUSSION

Whether Kiejliches may amend her Petition with new claims depends on two issues: first, whether Kiejliches's proposed amendment presents claims that are barred by the statute of limitations; and second, if those claims are not time-barred, whether she may amend her Petition even though she did not comply with the court's conditional stay.

### A. Timeliness

"AEDPA's general rule is that a prisoner in custody as a result of a state-court conviction has one year after the date that his or her conviction becomes final in which to file." Adeline v. Stinson, 206 F.3d 249, 251 (2d Cir. 2000); see 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a). The timeliness of a prisoner's filing is measured from the date papers are handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Because Kiejliches did not seek certiorari review before the United States Supreme Court, her conviction became final on September 5, 2006, ninety days after the Court of Appeals denied her application for leave to appeal. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (limitations period for state prisoners begins to run after denial of certiorari or after the time for seeking certiorari before the United States Supreme Court, on direct review, expires); Sup. Ct. R. 13 (90 days to seek

certiorari review before the United States Supreme Court). The statute of limitations began running the next day on September 6, 2006. Kiejliches thus had until September 6, 2007 to place her Petition in the prison mailing system. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.").

But Kiejliches's 440 Motion tolled the limitations period from the time she filed it in state court until the date that the Appellate Division denied her leave to appeal. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." State court relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). "[F]or purposes of calculating the tolling provision of § 2244(d)(2), AEDPA's one year statute of limitations is tolled from the date a petitioner files his or her 440.10 motion until the date the Appellate Division denies the petitioner leave to appeal that decision." Wilkins v. Kirkpatrick, 06-CV-2151, 2009 WL 3644082, at *7 (S.D.N.Y. Nov. 4, 2009); see also Hizbullahankhamon v. Walker, 255 F.3d 65, (2d Cir. 2001). Kiejliches filed her 440 Motion on May 21, 2007. (See 440 Motion.) The Appellate Division denied Kiejliches leave to appeal from the State Supreme Court's denial of her 440 Motion on December 26, 2008. (See Order dated Dec. 26, 2008 (Docket Entry # 16).) It follows that the limitations period on Kiejliches's Petition was tolled only from the date she filed her 440 Motion, on May 21, 2007, until December 26, 2008, the date that the Appellate Division denied her leave to appeal: a period of 585 days. Adding this amount of time to the one-year limitations period, Kiejliches had until April 13, 2009 to file her new

4

claims.[2] Kiejliches placed her motion to amend her Petition in the prison mailing system on April 13, 2009, the last day of the limitations period. (See Motion to Amend.) Her amendment is therefore timely.

B.  Leave to Amend

The next issue is whether Kiejliches may amend her Petition after Respondent filed an answer and after the court's stay expired. Under 28 U.S.C. § 2242, an application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Id.

In the interests of justice, the court grants Kiejliches's motion to amend her Petition. Respondent does not oppose the amendment. (See Response to Motion to Amend (Docket Entry #19) ("Respondent leaves the motion to amend to the discretion of the court.") ¶ 11.) Nor does Respondent claim that it will suffer any prejudice from Kiejliches's amendment. Kiejliches's now-exhausted claims raise issues that this court previously considered to be non-frivolous. (See Oct. Order 6.) Although Kiejliches filed her amendment after this court's stay expired, there is no indication that Kiejliches engaged in dilatory or abusive litigation tactics. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) (noting circumstances in which leave to amend should be denied). To the contrary, Kiejliches was mistakenly pursuing unavailable relief before the New York Court of Appeals.

---

[2] Respondent incorrectly asserts that the limitations period expired on April 12, 2009. Respondent calculated the limitations period starting on the day that Kiejliches's conviction became final, rather than the day after. See Stinson, 206 F.3d at 251 (limitations period begins one day after a petitioner's state conviction becomes final).

5

## III. CONCLUSION

For the foregoing reasons the court GRANTS Petitioner's Motion to Amend her Petition. Respondent is directed to answer Petitioner's amended claims by March 22, 2010. Petitioner shall serve her reply, if any, by April 21, 2010.

SO ORDERED.

Dated: Brooklyn, New York
       February 5, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge