UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELENA KIEJLICHES,

                Petitioner,

-against-

A. PEREZ,
Superintendent, Bedford Hills Correctional Facility,

                Respondent.
------------------------------------------------------------X

**ORDER**

**07-CV-2397 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 11, 2007, Petitioner pro se Elena Kiejliches ("Kiejliches") petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2002 state-court conviction for second-degree murder and tampering with physical evidence. (See Petition (Docket Entry # 1).) After concluding that Kiejliches had filed a "mixed petition" containing both exhausted and unexhausted claims, (see Order (Docket Entry # 10) at 4), the court granted Kiejliches's motion to stay the petition so that she could exhaust some of her claims in state court. (Id. at 6.) On February 5, 2010, the court granted Kiejliches leave to amend her petition to incorporate her newly exhausted claims. (See Order (Docket Entry # 20) at 6.) Respondent A. Perez ("Respondent") filed an opposition to the Amended Petition on March 22, 2010. (See Docket Entry # 21.) Kiejliches twice moved for extensions of time to reply to Respondent's opposition, and the court granted both motions. (See Docket Entry ## 22, 23, 24, 25.) The most recent of those gave Kiejliches until June 7, 2010 to file her reply. To date, she has failed to do so.

Instead, on March 22, 2011, Kiejliches filed a motion seeking a second stay and abeyance of her petition so that she may exhaust an additional claim—namely, ineffective assistance of counsel—in state court. (See Docket Entry # 26 at 1.) In an Order dated March 31, 2011, the

1

court granted Kiejliches thirty days to (1) submit a reply to Respondent's opposition, including an explanation why the court should consider such a reply in light of its untimeliness; and (2) show good cause for her failure to exhaust her ineffective assistance of trial counsel claim in state court sufficient to warrant granting her request for a second stay and abeyance. (See Docket Entry # 27.)

On April 25, 2011, Kiejliches responded to the court's March 31, 2011 Order. (See Docket Entry # 30.) In her response, Kiejliches claims that she never received Respondent's opposition to her Amended Petition. (See Docket Entry # 30 at 1.)[1] On May 4, 2011, Respondent filed an affidavit in opposition to Kiejliches's motion for a second stay of her habeas petition. (See Resp. Aff. (Docket Entry # 29).) For the reasons set forth below, Kiejliches's motion for a second stay and abeyance is denied.

The United States Supreme Court has, in limited circumstances, approved the use of stay and abeyance procedures in federal habeas corpus proceedings. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Nevertheless,

> [b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

---

[1] The court finds that this claim is irreconcilable with Kiejliches's previous motions requesting extensions of time to reply to Respondent's opposition. For example, in her April 14, 2010 request for an extension, Kiejliches noted that "the respondent's affidavit in opposition to the petitioners amended petition ... involves complex issues and substantial case law which petitioner needs to research." (Docket Entry # 22 at 1.) Furthermore, in her May 25, 2010 request for an extension, Kiejliches sought an additional ten days to file her reply to Respondent's opposition to her amended petition because of her "very limited access to the prison Law Library." (Docket Entry # 24 at 1.). Accordingly, the court refuses to grant Kiejliches any further extensions of time to file a reply to Respondent's opposition. Any such reply will not be considered in deciding Kiejliches's habeas petition in light of its excessive untimeliness.

2

Id. As Respondent correctly notes, however, the discretion entrusted to a district court to stay a habeas petition applies only to "mixed" petitions containing both exhausted and unexhausted claims. See id. at 278 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a *mixed* petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.") (emphasis added); Day v. McDonough, 547 U.S. 198, 210 n.10 (2006) ("[A] district court has discretion to stay a mixed petition (i.e., one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition."); Kalu v. New York, No. 08-CV-4984 (NGG) (RLM), 2009 U.S. Dist. LEXIS 129998, at *16 (E.D.N.Y. Sept. 15, 2009) (collecting cases), adopted by Kalu v. New York, No. 08-CV-4984 (NGG) (RLM), 2010 U.S. Dist. LEXIS 115184 (E.D.N.Y. Oct. 27, 2010) ("[W]here, as here, the petition is not mixed, and contains only unexhausted claims, federal courts that have considered the issue are in agreement that the stay-and-abeyance procedure described in Rhines is not available.").

Kiejliches's instant habeas petition, as already amended and now pending before the court, is no longer a "mixed" petition as it contains only exhausted claims ready for decision. Because a stay and abeyance is authorized only for mixed petitions and the petition is no longer mixed, Kiejliches's motion for a stay must be denied.

Moreover, Respondent correctly argues that Kiejliches's claim of ineffective assistance of counsel must be deemed exhausted and that, as a result, "there is no basis to stay the petition for its actual exhaustion." (Resp. Aff. at 5.) The sole factual basis for

3

Kiejliches's claim about her trial counsel's ineffectiveness is a review of the trial transcript. (See Docket Entry # 30-1 Ex. B. at 1-11.) This claim, therefore, which could have been raised on direct appeal, is procedurally barred from collateral review in the Article 440 motion that Kiejliches filed in state court to vacate her conviction. See N.Y. Crim. Proc. Law § 440.10(2)(c). Where a claim is procedurally barred from review in state court, it will be deemed exhausted, but procedurally defaulted, for purposes of habeas relief. See Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Accordingly, the court declines to grant Kiejliches the opportunity to "exhaust" her ineffective assistance of counsel claim.

In any event, even if a second stay and abeyance were legally authorized in this case, the court is persuaded by Respondent's arguments that it would be unwarranted and would deny Kiejliches's motion on its merits. (See Resp. Aff. at 6-8.)

For the foregoing reasons, Kiejliches's motion for a stay and abeyance is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May _9_, 2011

NICHOLAS G. GARAUFIS
United States District Judge

4